UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARTIN JOHNSON,

        Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

        Defendant.

Civ. Action No. 2:17-cv-11917 (JMV)

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on the motion of Defendant, the Acting Commissioner of Social Security, to dismiss the Complaint of Plaintiff Martin Johnson for failure to timely file this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). D.E. 8, 9. Plaintiff, who is proceeding *pro se*, did not file opposition.[1] The motion was decided without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. The Court has considered the parties' submissions and grants Defendant's motion to dismiss with prejudice.

---

[1] Plaintiff also represented himself in the proceedings below. D.E. 9-1 at 7. To ensure that Plaintiff received a copy of the current motion, the Court reviewed Plaintiff's address as used by the Appeals Council, *id.* at 16; by Plaintiff in his Complaint, D.E. 1 at 1; and by the Commissioner in serving the current motion, D.E. 8 at 2. Plaintiff's address is the same in each document, so the Court is satisfied that Plaintiff received notice of the current motion.

## I. Background

On May 29, 2013, Plaintiff filed an application for supplemental security income. The Commissioner denied the application at the initial administrative review level and on reconsideration. Plaintiff then requested a hearing before an administrative law judge ("ALJ"), and the ALJ held a hearing on January 8, 2016. D.E. 9-1 at 7. At the hearing, Plaintiff was advised of his right to representation, but he decided to proceed without an attorney or other representative. *Id.* In a February 7, 2015 opinion, the ALJ determined that Plaintiff was not disabled. *Id.* at 15. In response, Plaintiff sought review before the Appeals Council.

On August 31, 2017, the Appeals Council denied Plaintiff's request to review the ALJ's decision. *Id.* at 16. The Appeals Council mailed its decision to Plaintiff at his home address. *Id.* The Appeals Council further advised Plaintiff that he could seek additional review by filing a complaint in the United States District Court, but warned Plaintiff that he had "60 days to file a civil action (as for court review)." *Id.* at 17, 18. The Appeals Council additionally apprised Plaintiff that "[t]he 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period." *Id.* at 18. The Appeals Council also notified Plaintiff as follows:

> If you cannot file for court review within 60 days, you may ask the Appeals Counsel to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reasons in the request.

*Id.*

Taking the five-day presumption into account, Plaintiff had until November 4, 2017 to file his complaint with this Court. Since November 4, 2017 was a Saturday, Plaintiff could have timely filed his complaint by November 6, 2017. Plaintiff, however, filed his Complaint on

2

November 21, 2017, and he dated his Complaint the same day. D.E. 1. Plaintiff also sought to proceed *in forma pauperis*, which the Court granted. D.E. 2.

The Commissioner now moves for dismissal due to the late filing. As noted, Plaintiff has not opposed the Commissioner's motion.

## II. Legal Standard and Analysis

The Court has jurisdiction to review claims arising under the Social Security Act as provided in 42 U.S.C. §§ 405(g) and (h). Section 405(h) states as follows:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

Section 405(g) in turn provides, in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced *within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow*.

42 U.S.C. § 405(g) (emphasis added).

Moreover, and as indicated in the Appeals Council notice to Plaintiff, "[a]bsent independent proof, the date of receipt is legally presumed to be five days after the date of notice." 20 C.F.R. § 416.1841. Plaintiff, thus, had sixty-five days to timely file a complaint. *See Oliveras v. Colvin*, 2016 WL 2757974, at *2 (D.N.J. May 12, 2016).

In *Bowen v. City of New York*, the Supreme Court of the United States found that the sixty-day limitation "is a condition on the waiver of sovereign immunity and thus must be strictly construed." 476 U.S. 467, 479 (1986). The Supreme Court, however, also "conclude[d]

3

that application of a 'traditional equitable tolling principle' to the 60-day requirement of § 405(g) is fully 'consistent with the overall congressional purpose' and is 'nowhere eschewed by Congress.'" *Id.* at 480 (citing *Honda v. Clark*, 386 U.S. 484, 501 (1967)). The Third Circuit has indicated that equitable tolling can apply under the following circumstances: "(1) where the defendant has actively misled the plaintiff respecting the plaintiffs cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Kramer v. Comm'r of Soc. Sec.*, 461 Fed. Appx. 167, 169 (3d Cir. 2012) (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994)).

Plaintiff filed his Complaint fifteen days late. As discussed in note 1, *supra*, the address to which the Appeals Council mailed its decision is the same address that Plaintiff listed on his Complaint. Plaintiff has presented no evidence that he did not receive the Appeals Council's determination in a timely manner. In addition, Plaintiff never submitted a written request to the Appeals Council seeking an extension of the 60-day period. Finally, Plaintiff has presented no facts or arguments that would support equitable tolling. Therefore, the Court grants the Commissioner's motion to dismiss.

### III. Conclusion

For the reasons stated on the record, and for good cause shown,

It is on this 19th day of April, 2018,

**ORDERED** that Defendant's motion to dismiss is **Granted**; and it is further

**ORDERED** that this matter is **Dismissed with Prejudice**; and it is further

**ORDERED** that the Clerk's Office shall close this matter; and it is further

**ORDERED** that the Clerk's Office shall mail a copy of this Opinion and Order to Plaintiff by regular mail and by certified mail return receipt. **Plaintiff has 30 days from the date of this Opinion and Order to file an appeal with the Third Circuit Court of Appeals.**

_____
John Michael Vazquez, U.S.D.J.